COFSKY & ZEIDMAN, LLC
BY: Bruce D. Zeidman, Esquire
209 Haddon Avenue
Haddonfield, NJ 08033
Atty #027691984
(856)429-5005

Attorney for Plaintiff

| | |
|---|---|
| STEVEN SHEERAN and KELLY SHEERAN, his wife<br><br>　　　　　Plaintiffs<br><br>　　vs.<br><br>M/V SWAN CHACABUCO, ABC COMPANIES, fictitious names) 3-15, and JOHN DOES 1-15 (fictitious names), CHARTWORLD SHIPPING CORP., and INCHCAPE SHIPPING SERVICES<br><br>　　　　　Defendant | SUPERIOR COURT OF NEW JERSEY LAW DIVISION<br><br>CAMDEN COUNTY<br><br>DOCKET NO.  L-239-14<br><br>CIVIL ACTION |

FILED APR 9 2014



### AMENDED COMPLAINT AND JURY DEMAND

The Plaintiffs, Steven Sheeran and Kelly Sheeran, residing at 1741 S. Newkirk Street Philadelphia, Pennsylvania, by way of Complaint against the Defendants, says:

### FIRST COUNT

1. Defendant, M/V Swan Chacabuco, is a vessel owned by a corporation or other entity herein after identified as ABC Companies 3-5 (said names being fictitious) at all times referred to herein, doing business in the State of New Jersey, and at all times relevant hereto either owned, operated, leased, and/or controlled the premises known as M/V Swan Chacabuco on the date and time referred to being located on at the facility of Gloucester Terminals, Gloucester City, Camden County, New Jersey, and was responsible for the safety and ability to

ingress and egress without harm to persons invited onto the vessel for the purposes of Defendants' business, including but not limited to the unloading and loading of cargo.

2. At the time and place herein mentioned, the defendants, ABC Companies 10-15, said names being fictitious, were such other owners, operators, lessors, lessees, and controllers of the aforesaid vessel/premisses and/or were such other persons or entities otherwise responsible for the control, repair, maintenance, upkeep, and supervision of the vessel/premises described herein.

3. At the time and place herein mentioned, the defendant, Chartworld Shipping Corp., were such other owners, operators, lessors, lessees, and controllers of the aforesaid vessel/premisses and/or were such other persons or entities otherwise responsible for the control, repair, maintenance, upkeep, and supervision of the vessel/premises described herein.

4. At the time and place herein mentioned, the defendant, Inchcape Shipping Services, were such other owners, operators, lessors, lessees, and controllers of the aforesaid vessel/premisses and/or were such other persons or entities otherwise responsible for the control, repair, maintenance, upkeep, and supervision of the vessel/premises described herein.

5. At all times relevant hereto, defendants, JOHN DOES 1-15, said names being fictitious, were individuals who were working for and were either the agents, employees, or servants of the defendants named herein.

6. At all times relevant hereto and with regard to all acts or omissions alleged herein, defendants acted through their agents, servants, officers, and/or employees, who were acting within the scope of their agency, employment and/or authorization.

7. On or about January 23, 2012, plaintiff, Steven Sheeran, was lawfully proceeding on foot in the Hatch 4 area of the hold of the M/V Chacabuco, while cargo was being delivered to Gloucester Terminals.

8. At or about the aforesaid time and place, plaintiff, Steven Sheeran, was caused to fall by reason of the improperly maintained "tray" being operated with regard to the removal

of cargo, by Defendants ABC Companies and/or John Does 1-10, thus causing injury to the plaintiff.

9. It had been the duty of the defendants, by and through their servants, agents, and/or employees to use reasonable care and to make the premises reasonably safe for the plaintiff, as a business invitee on the premises of the defendant.

10. The aforesaid accident was caused by the recklessness, carelessness, and/or negligence of the defendants, jointly, severally, and/or in the alternative, consisting of the following:

    (a) It was the duty of the defendants to keep and maintain said property in a reasonable and safe condition for travel thereon;

    (b) On the date of the aforesaid accident, the Defendants carelessly and negligently allowed and permitted said dangerous condition to remain;

    (c) The Defendants had or should have had knowledge or notice of the existence of same;

    (d) The Defendants either operated the "tray" and/or Failed to operate and control the "tray "; to result in a manner that was negligent, careless and /or reckless..

    (d) Otherwise failing to exercise due care under the circumstances; and

    (e) Negligence and recklessness at law.

11. As a result of the negligence of the Defendants, plaintiff, Steven Sheeran, was caused to suffer injuries which are and may be serious and permanent in nature, including but not limited to crush injuries to Plaintiff Steven Sheeran's foot ,including permanent nerve damage, as well as other injuries, which has caused him to endure great pain and suffering, loss of earnings and earning capacity, as well as to incur various medical expenses in an effort to cure himself, and will be required to do so in the future.

WHEREFORE, plaintiff, Steven Sheeran, demands judgment in his favor and against the defendants, jointly, severally, and in the alternative, for damages, plus interest, attorneys fees, and costs of suit.

## SECOND COUNT

1.-11. Plaintiffs repeat Paragraphs 1 through 9 of the First Count and makes them Paragraphs 1 through 9 of this Count as if set forth herein at length.

12. At all times herein mentioned, plaintiff, Kelly Sheeran, was the wife of plaintiff, Steven Sheeran.

13. As a result of the negligence and carelessness of the defendants, plaintiff, Kelly Sheeran, has been deprived of the services, comfort, companionship, and consortium of the plaintiff, Steven Sheeran.

WHEREFORE, plaintiff, Kelly Sheeran, demands judgment against the defendants for damages, plus interest, attorneys fees, and costs of suit.

## JURY DEMAND

A trial by jury as to all issues is hereby requested.

## CERTIFICATION

Pursuant to Rule 4:5-1, the undersigned hereby certifies that the above action is not the subject of any other lawsuit or arbitration proceeding, and that there are no other persons interested in the above action who has not been made a party to said action.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that BRUCE D. ZEIDMAN, Esquire, be and is hereby designated as trial counsel in the above matter.

COFSKY & ZEIDMAN, LLC.
BY:

_____
BRUCE D. ZEIDMAN, ESQ.
Attorney for Plaintiffs

DATED:  4/7/14